1  Evan Livingstone, SBN 252008
   Attorney at Law
2  740 4th St. Suite 215
   Santa Rosa CA 95404
3  Phone: (707) 206-6570
   Fax: (707) 676-9112
4  Email: evanlivingstone@sbcglobal.net

5  Attorneys for Debtors

6

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10 In re:                                    Case No.    10-11824

11 Jeffrey Tennison and Michelle Tennison    Chapter     13
                                             Hearing:
12                                           Date:       October 18, 2010
              Debtor(s)                      Time:       1:30 PM
13 _____/           Place:      99 S E St, Santa Rosa

14            ORDER ON MOTION TO VALUE LIEN AT $0

15            AND AVOID LIEN UPON DISCHARGE

16     At the above date and time the court held a hearing on Debtor(s)' motion to value the

17 junior lien of Wells Fargo Bank, N.A., ("Junior Lienholder") against the property commonly

18 known as 19359 Coyle Springs Rd, Hidden Valley Lake, CA 95467, Lake County APN: 142-

19 212-07 ("Real Property"), at $0, and to avoid that lien upon completion of debtors chapter 13

20 plan.

21     The Junior Lien which Debtor(s) seek to avoid is that which secures Junior Lienholder's

22 loan number is 65065032126281998, opened about 9/14/2006, which had a principal balance of

23 $41,067.23 at the time of Debtor's bankruptcy filing and is secured by a Deed of Trust recorded

24 with the Lake County Recorder on 09/26/2006 as Instrument No. 2006025577 ("Junior Lien").

Evan Livingstone appeared for Debtor(s) at the hearing. There was no appearance for Junior Lienholder. The court finds that notice of the motion was proper. There having been no opposition to the motion, and good causing appearing,

IT IS HEREBY ORDERED

(1) For purposes of Debtor(s)' chapter 13 plan only, the Junior Lien of Wells Fargo Bank, N.A. is valued at $0, Junior Lienholder does not have a secured claim, and the Junior Lien may not be enforced, pursuant to 11 U.S.C. §§506, 1322 (b)(2) and 1327.

(2) Upon entry of a discharge in Debtor(s)' chapter 13 case, Junior Lien shall be voided for all purposes, and upon application by Debtor(s), the court will enter an appropriate form of judgment voiding the Junior Lien.

(3) If Debtor(s)' chapter 13 case is dismissed or converted to one under another chapter before Debtor(s) obtain a discharge, this order shall cease to be effective and the Lien shall be retained by the Junior Lienholder to the extent recognized by applicable non-bankruptcy law.

Dated: October 21, 2010

Dated: October 21, 2010

Alan Jaroslovsky
United States Bankruptcy Judge